UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDRA MARCHUK,

Plaintiff,

-against-

FARUQI & FARUQI, LLP, JUAN E. MONTEVERDE, NADEEM FARUQI and LUBNA FARUQI,

Defendants.

13 CV 1669 (AKH)

**PLAINTIFF'S ANSWER TO DEFENDANTS' SECOND AMENDED COUNTERCLAIMS**

**(JURY TRIAL DEMANDED)**

Plaintiff, Alexandra Marchuk ("Plaintiff"), by and through her counsel, Rottenberg Lipman Rich, P.C., for her answer to the Second Amended Counterclaims dated August 20, 2013 (the "Counterclaims") of defendants Faruqi & Faruqi, LLP ("F&F"), Juan E. Monteverde ("Mr. Monteverde"), Nadeem Faruqi ("Mr. Faruqi") and Lubna Faruqi ("Ms. Faruqi" and, collectively, "Defendants"), respectfully states as follows:

## INTRODUCTION

The Counterclaims confirm the depths to which Defendants have sunk to retaliate against and to defame Plaintiff. Defendants first filed the Counterclaims in their Answer to the Complaint on April 2, 2013, and again filed them in their Answer to the First Amended Complaint on May 7, 2013. The foundational allegation for the Counterclaims is that Ms. Marchuk maliciously used email address js832408@gmail.com to forward her Complaint anonymously to Mr. Monteverde's wife, and others, to defame Defendants and interfere with their business. On June 14, 2013, however, Google produced bombshell information squarely contradicting the

Counterclaims. Google disclosed that js832408@gmail.com was created on March 13, 2013 by someone accessing the Internet from an IP address assigned to F&F in New York! Therefore, whether to frame Ms. Marchuk for the actions that Defendants immediately then sued her for, or as part of a dysfunctional intra-firm dispute between Mr. Monteverde and another F&F employee, someone at F&F's New York office established js832408@gmail.com and used it to send Plaintiff's complaint to Ms. Monteverde and, allegedly, others.

Consequently, having had no factual basis for asserting the Counterclaims in the first place, Defendants for more than two months have known that they wrongly sued Ms. Marchuk for $15 million for something that F&F's own employee(s) did. It was bad enough that Defendants did not promptly withdraw their Counterclaims after receiving Google's knockout disclosure, but for Defendants now to reassert the same discredited Counterclaims in response to Plaintiffs' Second Amended Complaint is an unconscionable abuse of the legal process.

At the culmination of this action, Plaintiff will ask the Court to impose sanctions against Defendants and their counsel for their bad-faith prosecution of the Counterclaims. Plaintiff will ask the Court, among other things, to impose a per diem sanction against Defendants and their counsel from June 14, 2013 – the day that Google verified what Defendants undoubtedly already knew: that Defendants were frivolously suing Plaintiff for $15 million for conduct committed by Defendants' own employees – and continuing to the day that Defendants' voluntarily withdraw their frivolous and abusive Counterclaims, or they are otherwise dismissed.

PRELIMINARY STATEMENT

1. Denies the allegations in Paragraph 1 of the Counterclaims.

2. Admits that the quotation appears to be an accurate quotation from the First Amended Complaint.

3. Admits that the quotation appears to be an accurate quotation from a media story about this case.

4. Denies the allegations in Paragraph 4 of the Counterclaims.

5. Denies the allegations in Paragraph 5 of the Counterclaims.

6. Denies the allegations in Paragraph 6 of the Counterclaims.

7. Denies the allegations in Paragraph 7 of the Counterclaims.

8. Denies the allegations in Paragraph 8 of the Counterclaims.

9. Denies the allegations in Paragraph 9 of the Counterclaims.

10. Denies the allegations in Paragraph 10 of the Counterclaims.

11. Denies the allegations in Paragraph 11 of the Counterclaims.

12. Denies the allegations in Paragraph 12 of the Counterclaims.

13. Denies the allegations in Paragraph 13 of the Counterclaims.

14. Denies the allegations in Paragraph 14 of the Counterclaims.

15. Denies the allegations in Paragraph 15 of the Counterclaims.

16. Denies the allegations in Paragraph 16 of the Counterclaims.

17. Denies the allegations in Paragraph 17 of the Counterclaims.

18. Denies the allegations in Paragraph 18 of the Counterclaims.

19. Denies the allegations in Paragraph 19 of the Counterclaims.

20. Denies the allegations in Paragraph 20 of the Counterclaims.

21. Denies the allegations in Paragraph 21 of the Counterclaims.

22. Denies the allegations in Paragraph 22 of the Counterclaims.

23. Denies the allegations in Paragraph 23 of the Counterclaims.

24. Denies the allegations in Paragraph 24 of the Counterclaims.

25. Denies the allegations in Paragraph 25 of the Counterclaims.

26. Denies the allegations in Paragraph 26 of the Counterclaims.

27. Admits that on or about September 16, 2011 she ate at Rossini's with Emily Komlossy, but does not have knowledge or information sufficient to respond to the remaining allegations in Paragraph 27 of the Counterclaims.

28. Denies the allegations in Paragraph 28 of the Counterclaims.

29. Denies the allegations in Paragraph 29 of the Counterclaims.

30. Does not have knowledge or information sufficient to respond to the allegations in Paragraph 30 of the Counterclaims.

31. Denies the allegations in Paragraph 31 of the Counterclaims.

32. Admits that the quotations in Paragraph 32 of the Counterclaims are partial quotations from a Google chat.

33. Denies the allegations in Paragraph 33 of the Counterclaims.

34. Denies the allegations in Paragraph 34 of the Counterclaims.

**PARTIES**

35. Does not have sufficient knowledge or information to respond to Paragraph 35 of the Counterclaims.

36. Does not have sufficient knowledge or information to respond to Paragraph 36 of the Counterclaims.

37. Does not have sufficient knowledge or information to respond to Paragraph 37 of the Counterclaims.

38. Does not have sufficient knowledge or information to respond to Paragraph 38 of the Counterclaims.

39. Admits the allegations in Paragraph 39 of the Counterclaims.

40. Denies the allegations in Paragraph 40 of the Counterclaims.

41. Denies the allegations in Paragraph 41 of the Counterclaims.

42. Denies the allegations in Paragraph 42 of the Counterclaims.

43. Denies the allegations in Paragraph 43 of the Counterclaims.

44. Denies the allegations in Paragraph 44 of the Counterclaims.

45. Admits the allegations in Paragraph 45 of the Counterclaims.

46. Admits the allegations in Paragraph 46 of the Counterclaims.

47. Admits the allegations in Paragraph 47 of the Counterclaims.

48. Admits that she started at F&F as a first year associate on or about September 6, 2011 and was paid an annual salary of $75,000, but does not have knowledge or information sufficient to respond to the allegations relating to the reason that F&F hired her.

49. Denies the allegations in Paragraph 49 of the Counterclaims.

50. Denies the allegations in Paragraph 50 of the Counterclaims.

51. Denies the allegations in Paragraph 51 of the Counterclaims.

52. Denies the allegations in Paragraph 52 of the Counterclaims.

53. Denies the allegations in Paragraph 53 of the Counterclaims.

54. Denies the allegations in Paragraph 54 of the Counterclaims.

55. Denies the allegations in Paragraph 55 of the Counterclaims.

56. Denies the allegations in Paragraph 56 of the Counterclaims.

57. Denies the allegations in Paragraph 57 of the Counterclaims.

58. Denies the allegations in Paragraph 58 of the Counterclaims.

59. Denies the allegations in Paragraph 59 of the Counterclaims.

60. Denies the allegations in Paragraph 60 of the Counterclaims.

61. Denies the allegations in Paragraph 61 of the Counterclaims.

62. Denies the allegations in Paragraph 62 of the Counterclaims.

63. Denies the allegations in Paragraph 63 of the Counterclaims.

64. Denies the allegations in Paragraph 64 of the Counterclaims.

65. Denies the allegations in Paragraph 65 of the Counterclaims.

66. Denies the allegations in Paragraph 65 of the Counterclaims.

67. Does not have knowledge or information sufficient to respond to allegations in Paragraph 67 of the Counterclaims, but denies that she chose to sit at the same table as Monteverde.

68. Denies the allegations in Paragraph 68 of the Counterclaims.

69. Denies the allegations in Paragraph 69 of the Counterclaims.

70. Denies the allegations in Paragraph 70 of the Counterclaims.

71. Denies the allegations in Paragraph 71 of the Counterclaims.

72. Denies the allegations in Paragraph 72 of the Counterclaims.

73. Denies the allegations in Paragraph 73 of the Counterclaims.

74. Denies the allegations in Paragraph 74 of the Counterclaims.

75. Denies the allegations in Paragraph 75 of the Counterclaims.

76. Denies the allegations in Paragraph 76 of the Counterclaims.

77. Denies the allegations in Paragraph 77 of the Counterclaims.

78. Denies the allegations in Paragraph 78 of the Counterclaims.

79. Denies the allegations in Paragraph 79 of the Counterclaims.

80. Denies the allegations in Paragraph 80 of the Counterclaims.

81. Denies the allegations in Paragraph 81 of the Counterclaims.

82. Denies the allegations in Paragraph 82 of the Counterclaims.

83. Denies the allegations in Paragraph 83 of the Counterclaims.

84. Denies the allegations in Paragraph 84 of the Counterclaims.

85. Denies the allegations in Paragraph 85 of the Counterclaims.

86. Denies the allegations in Paragraph 86 of the Counterclaims.

87. Denies the allegations in Paragraph 87 of the Counterclaims.

88. Denies the allegations in Paragraph 88 of the Counterclaims.

89. Denies the allegations in Paragraph 89 of the Counterclaims.

## JURISDICTION AND VENUE

90. Does not have sufficient knowledge or information to respond to the allegations in Paragraph 90 of the Counterclaims.

91. Does not have sufficient knowledge or information to respond to the allegations in Paragraph 91 of the Counterclaims.

**FIRST COUNTERCLAIM**

92. Repeats her answers to Paragraphs 1 through 89 as if set forth herein.

93. Other than with respect to the accurate quotations from Plaintiff's complaint, denies the allegations contained in Paragraph 93 of the Counterclaims.

94. Denies the allegations in Paragraph 94 of the Counterclaims.

95. Denies the allegations in Paragraph 95 of the Counterclaims.

96. Denies the allegations in Paragraph 96 of the Counterclaims.

97. Denies the allegations in Paragraph 97 of the Counterclaims.

98. Denies the allegations in Paragraph 98 of the Counterclaims.

**SECOND COUNTERCLAIM**

99. Repeats her answers to Paragraphs 1 through 89 as if set forth herein.

100. Other than with respect to the accurate quotations from Plaintiff's complaint, denies the allegations contained in Paragraph 100 of the Counterclaims.

101. Denies the allegations in Paragraph 101 of the Counterclaims.

102. Denies the allegations in Paragraph 102 of the Counterclaims.

103. Denies the allegations in Paragraph 103 of the Counterclaims.

104. Denies the allegations in Paragraph 104 of the Counterclaims.

105. Denies the allegations in Paragraph 105 of the Counterclaims.

106. Denies the allegations in Paragraph 106 of the Counterclaims.

**THIRD COUNTERCLAIM**

107. Repeats her answers to Paragraphs 1 through 89 as if set forth herein.

108. Denies the allegations in Paragraph 108 of the Counterclaims.

109. Denies the allegations in Paragraph 109 of the Counterclaims.

110. Denies the allegations in Paragraph 110 of the Counterclaims.

111. Denies the allegations in Paragraph 111 of the Counterclaims.

112. Denies the allegations in Paragraph 112 of the Counterclaims.

113. Denies the allegations in Paragraph 113 of the Counterclaims.

114. Denies the allegations in Paragraph 114 of the Counterclaims.

**FOURTH COUNTERCLAIM**

115. Repeats her answers to Paragraphs 1 through 89 as if set forth herein.

116. Denies the allegations in Paragraph 116 of the Counterclaims.

117. Denies the allegations in Paragraph 117 of the Counterclaims.

118. Denies the allegations in Paragraph 118 of the Counterclaims.

119. Denies the allegations in Paragraph 119 of the Counterclaims.

**FIFTH COUNTERCLAIM**

120. Repeats her answers to Paragraphs 1 through 89 as if set forth herein.

121. Denies the allegations in Paragraph 121 of the Counterclaims.

122. Denies the allegations in Paragraph 122 of the Counterclaims.

123. Does not have sufficient knowledge or information to respond to the allegations in Paragraph 123 of the Counterclaims.

124. Denies the allegations in Paragraph 124 of the Counterclaims.

125. Denies the allegations in Paragraph 125 of the Counterclaims.

126. Denies the allegations in Paragraph 126 of the Counterclaims.

127. Denies the allegations in Paragraph 127 of the Counterclaims.

**SIXTH COUNTERCLAIM**

128. Repeats her answers to Paragraphs 1 through 89 as if set forth herein.

129. Denies the allegations in Paragraph 129 of the Counterclaims.

130. Denies the allegations in Paragraph 130 of the Counterclaims.

131. Denies the allegations in Paragraph 131 of the Counterclaims.

132. Denies the allegations in Paragraph 132 of the Counterclaims.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

133. The Counterclaims fail to state a claim upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

134. Any loss of business experienced by Defendants after the Complaint was filed was due partially or exclusively to Defendants' own intervening and superseding negligent or reckless conduct, including by filing and aggressively publicizing to the media Defendant's Counterclaims, which Counterclaims confirmed many of the allegations in the Complaint and otherwise cast Defendants in an extraordinarily negative light. The Counterclaims, therefore, are barred, in whole or in part, by the legal doctrines of intervening, superseding and proximate cause.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

135. Any loss of business experienced by Defendants after the Complaint was filed was due partially or exclusively to Defendants' own negligent or reckless conduct, including by filing and aggressively publicizing to the media Defendant's Counterclaims, which confirmed many of the allegations in the Complaint and otherwise cast Defendants in a negative light. The Counterclaims, therefore, are barred, in whole or in part, by the legal doctrines of contributory negligence and comparative fault.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

136. The loss of business alleged by the Counterclaims is remote, highly speculative and theoretical and, therefore, is not recoverable as damages under applicable law.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

137. Defendants failed to avail themselves of their right to ask the Court to strike any pleadings from the Complaint that Defendants deemed to be levied in bad faith or for no proper legal purpose. The Counterclaims, therefore, are barred by doctrines of waiver.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

138. The Counterclaims admit many of the material and most troubling allegations contained in the Complaint. The Counterclaims, therefore, are barred by the doctrine of judicial estoppel.

WHEREFORE, Plaintiff respectfully requests that the Court (1) deny the relief sought by Defendants in their Counterclaims, (2) dismiss the Counterclaims with prejudice; (3) award Plaintiff costs, disbursements and reasonable attorneys' fees with respect to the Counterclaims, including without limitation a per diem sanction against Defendants starting from June 14, 2013 – the day that Google verified that Defendants had frivolously sued Plaintiff for $15 million – and continuing to the day that Defendants' voluntarily withdraw their frivolous and

abusive Counterclaims, or they are otherwise dismissed, and (4) grant Plaintiff such other and further relief with respect to the Counterclaims as the Court deems just and proper.

Dated: New York, New York
September 10, 2013

ROTTENBERG LIPMAN RICH, P.C.

By: [signature]
Harry W. Lipman
Thomas E. Chase
369 Lexington Avenue, Sixteenth Floor
New York, New York 10017
Attorneys for Plaintiff, Alexandra Marchuk