```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/7/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ALEXANDRA MARCHUK,

                 Plaintiff,

       - against –

FARUQI & FARUQI, LLP, JUAN E.
MONTEVERDE, NADEEM FARUQI
and LUBNA FARUQI,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

13 CV 1669 (AKH)

ECF Case

~~PROPOSED~~ **JOINT PRE-TRIAL ORDER**

The parties to the above-captioned action submit this Proposed Joint Pre-Trial Order, pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Court's Individual Rules.

**I.   Full Caption of the Action:**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ALEXANDRA MARCHUK,

                 Plaintiff,

       - against –

FARUQI & FARUQI, LLP, JUAN E.
MONTEVERDE, NADEEM FARUQI
and LUBNA FARUQI,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

13 CV 1669 (AKH)

ECF Case

## II. Contact Information for Trial Counsel:

a. Attorneys for Plaintiff, Alexandra Marchuk:

Harry W. Lipman
Thomas E. Chase
Jonathan S. Hershberg
Rottenberg Lipman Rich, P.C.
369 Lexington Avenue, 16th Floor
New York, New York 10017
Tel.: 212.661.3080
Fax: 212-867-1914
hlipman@rlrpclaw.com
tchase@rlrpclaw.com
jhershberg@rlrpclaw.com

b. Attorneys for Defendants Faruqi & Faruqi, LLP, Juan E. Monteverde, Nadeem Faruqi, and Lubna Faruqi

Scott A. Bursor
Joseph I. Marchese
Neal J. Deckant
Yitzchak Kopel
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
Email: scott@bursor.com
       jmarchese@bursor.com
       ndeckant@bursor.com
       ykopel@bursor.com

## III. Jurisdiction:

This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because (1) defendants Faruqi & Faruqi ("F&F"), Nadeem Faruqi, Lubna Faruqi and Juan M. Monteverde (collectively, "Defendants") are citizens of the State of New York, and plaintiff Alexandra Marchuk ("Ms. Marchuk" or "Plaintiff") is a citizen of the State of Nebraska; and (2) the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

## IV. **Brief Summary of Claims and Defenses**:

a. <u>Plaintiff's Summary:</u>

This action concerns Defendants' outrageous and illegal mistreatment of Ms. Marchuk starting from her first day as a first-year litigation associate in F&F's Manhattan office. Mr. Monteverde, as a senior partner at F&F and as Ms. Marchuk's direct supervisor, subjected Ms. Marchuk to a barrage of improper, explicit, and unwanted sexual advances and untoward comments. Incredibly, when Ms. Marchuk complained about Mr. Monteverde's improper advances to another F&F partner and Mr. Monteverde learned of Ms. Marchuk's complaint, Ms. Marchuk's situation got <u>worse</u>, not better. Mr. Monteverde retaliated against Ms. Marchuk for complaining about him and spurning his advances by publicly and baselessly demeaning her legal abilities and threatening to terminate her employment – all while continuing improperly to proposition Ms. Marchuk. Despite being aware of Mr. Monteverde's outrageous conduct, both generally and as directed at Ms. Marchuk, F&F did nothing.

Unrestrained, Mr. Monteverde intensified his improper actions on the evening of F&F's December 15, 2011 holiday party. That evening, Mr. Monteverde, knowing how much Ms. Marchuk needed a bonus and her job, coerced and threatened her that if she did not have sex with him he could not enhance her compensation and likely would terminate her employment at F&F. Thus Mr. Monteverde induced Ms. Marchuk to go back to F&F's offices with him where he quickly and forcefully had sex with her. Devastated and shamed by Mr. Monteverde's abusive treatment of her, Ms. Marchuk resigned her employment at F&F shortly thereafter.

Despite knowing of Mr. Monteverde's improper and abusive treatment of Ms. Marchuk, as well his notorious propensity for such behavior towards others, neither F&F nor either of its managing partners took any action to prevent or put an end to it. Mr. Monteverde

was (and still is) one of F&F's most important rainmakers. Indeed, Nadeem Faruqi, one of F&F's managing partners ("Mr. Faruqi"), acquiesced to Mr. Monteverde's unusual request for Ms. Marchuk to be assigned to work exclusively for Mr. Monteverde. Despite suspecting Mr. Monteverde's lascivious designs, Mr. Faruqi, mindful of Mr. Monteverde's importance in the Firm, looked the other way.

Tellingly, after Ms. Marchuk informed F&F and its managing partners that she had consulted an employment attorney and was abruptly resigning her employment – without a new a job and in the worst legal job market in a generation – no one from F&F attempted to contact Ms. Marchuk to address the reasons for her departure. Though it was obvious that Mr. Monteverde had harassed Ms. Marchuk out of her job, F&F took no action, deciding that sacrificing the employment rights of a first-year associate like Ms. Marchuk was a small price to pay to keep one of F&F's most important partners happy.

As stunning is the evidence establishing Defendants' treatment of Ms. Marchuk as a litigant in this case. On issues large and small Defendants have outright fabricated evidence, destroyed evidence, and made repeated public misrepresentations about Ms. Marchuk, all purely in an attempt to gain litigation advantage over her in absolute disregard for her civil rights and the truth.

Most shocking, the foundational and stabbing allegation in Defendants' $15 million counterclaims against Ms. Marchuk – that Ms. Marchuk used Gmail account js832408@gmail.com (the "Gmail Account") to maliciously distribute her Complaint to the media, F&F's clients, opposing counsel in F&F's case, and even to Mr. Monteverde's wife – is a blatant lie. On June 14, 2013, Google responded to Defendants' subpoena with the bombshell disclosure that the Gmail Account was created on March 13, 2013, the day this case was

initiated, from the IP address of F&F's Manhattan office. Therefore, either in an attempt to frame Ms. Marchuk for the allegations that Defendants then put in their counterclaims against her, or in a case of dysfunctional, intra-firm back-stabbing, someone at F&F created the Gmail Account on the day the Complaint was filed and emailed it to Mr. Monteverde's wife and, supposedly, others. (As of the date hereof, Defendants have still failed to produce any documents or information concerning who, other than Mr. Monteverde's wife, allegedly received an email from js832408@gmail.com.) Confirming their disregard for ethical obligations to this Court, Defendants, who never had any good-faith basis for smearing Ms. Marchuk in the first place, still pursue their counterclaims, over two months after receiving Google's knockout disclosure.

Defendants' shameful conduct regarding the Gmail Account is, however, just one example in a litany of outrageous and illegal litigation tactics designed by Defendants to frustrate and deter Ms. Marchuk from pursuing her claims against Defendants, and to intimidate her and other current or former F&F associates with similar claims – like the associate who, having commenced employment at F&F the month after Ms. Marchuk left, quit three months later complaining to the Faruqis in writing that "in my presence, on multiple occasions, [Mr. Monteverde] made crude and/or sexually charged comments with which I am uncomfortable."

The litany is disturbing: Shortly after Ms. Marchuk's counsel wrote their pre-litigation demand letter, Defendants ripped out and discarded the carpet in Mr. Monteverde's office, knowing that it contained important forensic evidence of Mr. Monteverde's assault on Ms. Marchuk. Seeking to discredit Ms. Marchuk's claim that Mr. Monteverde held sway over her compensation, Defendants amateurishly manufactured a letter purporting to inform Ms. Marchuk that she was ineligible for a bonus until 2012. When asked to produce the .doc file

containing the metadata that would show when this letter was created, Defendants implausibly claimed that all such information had been destroyed by a "hard drive failure." Defendants' press release heralding their $15,000,000 counterclaims disparaged Ms. Marchuk by stating that she never complained about Mr. Monteverde, though one of Defendants' partners had written a "Confidential Memo" to Mr. Faruqi contemporaneously memorializing Ms. Marchuk's complaint about Mr. Monteverde and her tearful expression of apprehension and fear regarding an imminent trip with him to Delaware by train for a court hearing. Finally, Defendants trotted out an obviously coached witness who just happened to vividly recall Ms. Marchuk's supposedly lighthearted demeanor when she complained about Mr. Monteverde. In reality, this witness turned out to be the named class representative in a case recently filed in federal court by F&F and Mr. Monteverde, although the witness either completely forgot that case or never really hired F&F, because the witness unequivocally denied any knowledge of that case. True to form, Defendants have brazenly refused to produce any documentary evidence that this witness ever retained Mr. Monteverde or F&F.

The statutes and cases upon which Plaintiff principally relies are as follows:

- Statutes:
    - New York City Human Rights Law, New York City Administrative Code §§ 8-107, et seq.);
    - New York State Human Rights Law, New York State Executive Law §§ 296, et seq.);
    - Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000, et seq.
- Cases:
    - Discrimination/Hostile Work Environment
        - Anderson v. N.Y.C. Hous. Auth., 872 N.Y.S.2d 27 (1st Dept. 2009)

- Anderson v. Davis, Polk & Wardwell, LLP, 2013 WL 1809443 (S.D.N.Y. Apr. 29, 2013)

- Brown v. City of New York, 2013 WL 3789091 (S.D.N.Y. July 19, 2013)

- Cruz v. Coach Stores, Inc., 202 F.3d 560 (2d Cir. 2000)

- Demoret v. Zegarelli, 451 F.3d 140 (2d Cir. 2006)

- Duch v. Jakubek, 588 F.3d 757 (2d Cir. 2009)

- Encarnacion v. Isabella Geriatric Center, Inc., 2014 WL 7008946 (S.D.N.Y. Dec. 12, 2014)

- Forrest v. Jewish Guild for Blind, 3 N.Y.3d 295 (2004)

- Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102 (2d Cir. 2013)

- Nelson v. HSBC Bank USA, 87 A.D.3d 995, 997, 929 N.Y.S.2d 259 (App. Div. 2011)

- Pucino v. Verizon Wireless Commc'ns, 618 F.3d 112 (2d Cir. 2010)

- Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62 (2d Cir. 2000)

- Williams v. New York City Hous. Auth., 61 A.D.3d, 62 (1st Dept. 2009)

- Schiano v. Quality Payroll Svs., Inc., 445 F.3d 597 (2d Cir. 2006).

o Retaliation

- Fei v. WestLB AG, 2008 WL 594768 (S.D.N.Y. March 5, 2008)

- Giudice v. Red Robin Intern'l, Inc., 555 Fed.Appx. 67 (2d Cir. 2014)

- Kreinik v. Showbran Photo, Inc., 2003 WL 22339268 (S.D.N.Y. Oct. 14, 2003)

- Mihalik v. Credit Agricole Cheuvreux N.A., Inc., 715 F.3d 102 (2d Cir. 2013)

- Torres v. Gristede Operating Corp., 628 F.Supp.2d 447 (S.D.N.Y. 2008)

- Wermann v. Excel Dentistry, P.C., 2014 WL 846723 (S.D.N.Y. Feb. 25, 2014)

...

...

- o Defamation

    - Albert v. Loksen, 239 F.3d 256 (2d Cir. 2001)

    - Celle v. Filipino Reporter Enters., Inc., 209 F.3d 163 (2d Cir. 2000)

    - Held v. Pokorny, 583 F.Supp. 1038 (S.D.N.Y. 1984)

    - Jean-Joseph v. Walgreens Inc., 2011 WL 5025266 (E.D.N.Y. Oct. 11, 2011)

    - Kalimantano GMBH v. Motion in Time, Inc., 939 F.Supp.2d 392 (S.D.N.Y. 2013)

    - Kelly v. Schmidberger, 806 F.2d 44 (2d Cir. 1986)

    - Kimmerle v. New York Evening Journal, 262 N.Y. 99, 186 N.E. 217 (1933)

    - LeBlanc v. Skinner, 103 A.D.3d 202, 955 N.Y.S.2d 391 (2d Dept. 2012)

    - Levin v. McPhee, 119 F.3d 189 (2d Cir. Nichols v. Item Publishers, Inc., 309 N.Y. 596 (1956)

    - Ram v. Moritt, 205 A.D. 516, 517, 612 N.Y.S.2d 671 (2d Dept. 1994)

    - , 397 N.Y.S.2d 943 (1977)

    - Tedeschi v. Smith Barney, 548 F.Supp. 1172 (S.D.N.Y.1982)

    - Thompson v. Bosswick, 855 F.Supp.2d 67 (S.D.N.Y. 2012)

- o Individual Liability

    - Feingold v. New York, 366 F.3d 138 (2d Cir. 2004)

    - Mitra v. State Bank of India, 2005 WL 2143144 (S.D.N.Y. Sept. 6, 2005)

    - Patrowich v. Chemical Bank, 63 N.Y.2d 541, 483 N.Y.S.2d 659 (N.Y. 1984)

    - Ruggiero v. Dynamic Elec.2012 WL 3043102 (E.D.N.Y. July 25, 2012)

    - Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995)

- o Employer Liability

    - E.E.O.C. v. Suffolk Laundry Svcs., 2014 WL 4920178 (E.D.N.Y. Oct. 1, 2014)

- Fenner v. News Corp., 2013 WL 6244156 (S.D.N.Y. Dec. 2, 2013)
- Parra v. City of White Plains, 2014 WL 4468089 (S.D.N.Y. Sept. 4, 2014)
- Preuss v. Kolmar Laboratories, Inc., 970 F.Supp.2d 171 (S.D.N.Y. 2013)
- State Div. of Human Rights on Complaint of Greene v. St. Elizabeth's Hosp., 66 N.Y.2d 684, 496 N.Y.S.2d 411 (1985)
- Vance v. Ball State Univ., 133 S.Ct. 2434 (2013)
- Zakrzewska v. New School, 14 N.Y.3d 469 (2010)

o Damages

- Cantu v. Flanigan, 705 F.Supp.2d 220 (E.D.N.Y. 2010)
- DeCurtis v. Upward Bound Intern., Inc., 2011 WL 4549412 (S.D.N.Y. Sept. 27, 2011)
- Ferraro v. Kellwood Co., 440 F.3d 96, 101 (2d Cir. 2006)
- Moncriffe v. Classique Interiors & Designs, Inc., 2011 WL 2224880 (E.D.N.Y. June 2, 2011)

b.     Defendants' Summary:

Defendants contend that Plaintiff has failed to state a claim for hostile work environment. Plaintiff's allegations stem from an allegedly unwelcomed sexual encounter with Mr. Monteverde, and a few brash comments allegedly made by Mr. Monteverde. However, the sexual encounter between Mr. Monteverde and Ms. Marchuk occurred outside of the work environment, was consensual, and could not possibly give rise to a hostile work environment claim. Furthermore, Plaintiff failed to utilize the Firm's reporting procedure for sexual harassment as laid out in the Firm's employee handbook.

Defendants also contend that Plaintiff has failed to state a claim for retaliation based on their filing of the now withdrawn counterclaims. The counterclaims were filed in good faith and therefore do not give rise to a retaliation claim.

Defendants further contend that Plaintiff has failed to state a claim for defamation based on their issuing of a press release regarding the counterclaims asserted. The counterclaims were brought in good faith, have not resulted in injury to Plaintiff, have not exposed Plaintiff to public contempt, ridicule, aversion or disgrace, and are privileged. Therefore, the Defendants are not liable for defamation.

The issues for trial, therefore, are as follows:

1. Whether the conduct alleged occurred in the work environment.

2. Whether the conduct alleged was so severe or pervasive that both Plaintiff herself and a reasonable person in Plaintiff's position would find her work environment so hostile or offensive that it would interfere with her work performance.

3. Whether Defendants knew or should have known of the alleged abusive conduct.

4. Whether Defendants exercised reasonable care to prevent and promptly correct any discriminatory behavior directed against Plaintiff and whether Plaintiff unreasonably failed to take advantage of the corrective opportunities.

5. Whether the counterclaims were brought in good faith.

6. Whether the counterclaims and the press release describing them would tend to lead the average person in the community to form an evil or bad opinion of Plaintiff.

7. Whether the counterclaims and press release describing them caused Plaintiff any financial harm.

8. Whether Defendants' liability (if any) allows Plaintiff to recover compensatory damages.

9. Whether Defendants' liability (if any) should be enhanced by punitive damages.

**The statutes and cases primarily relied upon by Defendants are as follows:**

**Hostile Work Environment:**

*Harris v. Forklift Systems, Inc.*, 510 U.S. 17 (1993)

*Pennsylvania State Police v. Suders*, 542 U.S 129 (2004)

*Patane v. Clark*, 508 F.3d 106 (2d Cir. 2007)

*Toyama v. Hasaki Restaurant, Inc.*, 2014 WL 7234602 (S.D.N.Y. Dec. 18, 2014)

*Quinn v. Green Tree Credit Corp.*, 159 F.3d 759 (2d Cir. 1998)

*Meritor Savings Bank v. Vinson*, 477 U.S. 57 (1986)

*Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998)

*Faragher v. City of Boca Raton*, 524 U.S. 775 (1998)

*Vance v. Ball State Univ.*, 133 S. Ct. 2434 (2013)

*Town of Lumberland v. New York State Division of Human Rights*, 229 A.D.2d 631 (3rd Dep't 1996)

*Nelson v. HSBC Bank USA*, 87 A.D.3d 995 (2d Dep't 2011)

Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000, et seq.

New York State Human Rights Law, New York State Executive Law §§ 296, et seq.

New York City Human Rights Law, New York City Administrative Code §§ 8-107, et seq.

**Retaliation:**

*Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006)

*University of Texas Southwestern v. Nassar*, 133 S. Ct. 2517 (2013)

*Milione v. City Univ. of New York*, 950 F. Supp. 2d 704 (S.D.N.Y. 2013)

42 U.S.C. § 2000e-3

**Defamation:**

*Rosenberg v. Metlife, Inc.*, 453 F.3d 122 (2d Cir. 2006)

*Dillon v. City of New York*, 261 A.D.2d 34 (1st Dep't 1999)

*Golub v. Enquirer/Star Group*, 89 N.Y.2d 1074 (1997)

*Rinaldi v. Holt, Rinehart & Winston, Inc.*, 42 N.Y.2d 369 (1977)

*Liberman v. Gelstein*, 80 N.Y.2d 429 (1992)

*Wehringer v. Allen-Stevenson School*, 46 A.D.2d 641 (1st Dep't 1974)

*Matherson v. Marchello*, 100 A.D.2d 233 (2d Dep't 1984)

*Boyle v. Stiefel Labs.*, 204 A.D.2d 872 (3rd Dep't 1994)

### V. Marked Pleadings

Attached hereto as Exhibit A is Plaintiff's Second Amended Complaint (Docket #17) marked in accordance with this Court's rules.

### VI. Jury Trial Statement and Estimated Number of Trial Days

This case is to be tried to a jury.

Plaintiff expects that the trial will take 12-15 business days.

Defendants expect that the trial will take 10 business days if their motions in limine nos. 3 and 4 are granted, precluding the testimony of Jamie Mogil and Kerrianne Goodwin. If the parties are required to have a sideshow trial on irrelevant allegations concerning Ms. Mogil and Ms. Goodwin, Defendants expect this would extend the trial by 2 to 5 business days.

### VII. Trial by Magistrate Judge:

The parties have not consented to a trial of this matter before a magistrate judge.

### VIII. Stipulations: None.

### IX. Witness Lists:

A copy of Plaintiff's witness list is attached as Exhibit B.[1]

---

[1] Plaintiff's witness list incorporates deposition designations for Emily Komlossy and Brad DeLeeuw. Defendants object to these designations as untimely. Plaintiff did not include any

A copy of Defendants' witness list is attached as Exhibit C.

## X. <u>Exhibit List</u>:

The parties' exhibit list is attached as Exhibit D.

---

deposition designations with the witness lists exchanged on December 8, 2014, and did not provide these designations until yesterday. If these untimely designations are permitted, Defendants respectfully request a reasonable opportunity to make specific objections and counter-designations.

- 13 -

Dated: December 30, 2014

| ROTTENBERG LIPMAN RICH, P.C. | BURSOR & FISHER, P.A. |
|---|---|
| By: /s/ Harry W. Lipman<br>Thomas E. Chase<br>Jonathan S. Hershberg<br>369 Lexington Avenue, Sixteenth Floor<br>New York, New York 10017<br>Telephone: 212-661-3080<br>Facsimile: 212-867-1914<br><br>*Attorneys for Plaintiff, Alexandra Marchuk* | By: /s/<br>Scott A. Bursor<br>Joseph I. Marchese<br>Neal J. Deckant<br>Yitzchak Kopel<br>888 Seventh Avenue<br>New York, New York 10019<br>Telephone: (212) 989-9113<br>Facsimile: (212) 989-9163<br>Email: scott@bursor.com<br>jmarchese@bursor.com<br>ndeckant@bursor.com<br>ykopel@bursor.com<br><br>*Attorneys for Defendants* |

So Ordered
1/7/15

[signature]

- 14 -