**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALEXANDRA MARCHUK,<br><br>       Plaintiff,<br><br> v.<br><br>FARUQI & FARUQI, LLP, JUAN E.<br>MONTEVERDE, NADEEM FARUQI,<br>and LUBNA FARUQI,<br>       Defendants. | Civil Action No. 13-CV-1669 (AKH) |

**DEFENDANTS' CORRECTED MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR ATTORNEYS' FEES**

## TABLE OF CONTENTS

    **Page**

FACTUAL BACKGROUND ................................................................................................... 1

LEGAL STANDARD ............................................................................................................... 2

ARGUMENT ............................................................................................................................. 4

I. THE COURT SHOULD AWARD DEFENDANTS THEIR REASONABLE ATTORNEYS' FEES INCURRED IN DEFENDING AGAINST PLAINTIFF'S FRIVOLOUS TITLE VII CLAIMS ........................................ 4

II. THE COURT SHOULD AWARD DEFENDANTS THEIR REASONABLE ATTORNEYS' FEES INCURRED IN DEFENDING AGAINST PLAINTIFF'S FRIVOLOUS MALICIOUS PROSECUTION CLAIM ................................................................................................................ 6

III. THE HOURLY RATES CHARGED BY DEFENDANTS' ATTORNEYS ARE REASONABLE ................................................................................................ 8

IV. DEFENDANTS' ATTORNEYS SPENT A REASONABLE AMOUNT OF TIME IN PREPARING THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT ............................................................................................. 9

CONCLUSION ......................................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alyeska Pipeline Co. v. Wilderness Society*,
 421 U.S. 240 (1975) .................................................................................................................. 3

*Campion Funeral Home, Inc. v. State of New York*,
 166 A.D.2d 32 (3d Dep't 1991) ................................................................................................. 6

*Christiansburg Garment Co. v. E.E.O.C.*,
 434 U.S. 412 (1978) .................................................................................................................. 2

*Corsini v. Morgan*,
 123 A.D.3d 525 (1st Dep't 2014) .............................................................................................. 3

*Cowan v. Ernest Codelia, P.C.*,
 2001 WL 30501 (S.D.N.Y. Jan. 12, 2001) ................................................................................ 9

*Ellison v. Sobeck-Lynch*,
 2000 WL 1047798 (W.D.N.Y. July 26, 2000) .......................................................................... 8

*Engel v. CBS, Inc.*,
 93 N.Y.2d 195 (1999) ................................................................................................................ 6

*Entertainment Partners Group, Inc. v. Davis*,
 198 A.D.2d 63 (1st Dep't 1993) ................................................................................................ 3

*Evans v. Port Auth. of New York and New Jersey*,
 2003 WL 1842876 (S.D.N.Y. Apr. 1, 2003) ............................................................................. 4

*Evans v. Port Auth. of New York and New Jersey*,
 2003 WL 1992390 (S.D.N.Y. Apr. 29, 2003) ........................................................................... 4

*Fox v. Vice*,
 131 S. Ct. 2205 (2011) ............................................................................................................... 2

*Gierlinger v. Gleason*,
 160 F.3d 858 (2d Cir. 1998) ...................................................................................................... 9

*Hugee v. Kimso Apartments, LLC*,
 852 F. Supp. 2d 281 (E.D.N.Y. 2012) ....................................................................................... 8

*In re Zyprexa Prods. Liab. Litig.*,
 467 F. Supp. 2d 256 (E.D.N.Y. 2006) ....................................................................................... 2

*LeBlanc-Sternberg v. Fletcher*,
 143 F.3d 748 (2d Cir. 1998) ...................................................................................................... 2

*McCaul v. Ardsley Union Free School District*,
  514 F. App'x 1 (2d Cir. 2013) .................................................................................................. 6

*McGill v. Parker*,
  179 A.D.2d 98 (1st Dep't 1992) ............................................................................................... 3

*Milione v. City Univ. of New York*,
  2013 WL 3157499 (S.D.N.Y. 2013) ......................................................................................... 4

*Millea v. Metro-North R.R. Co.*,
  658 F.3d 154 (2d Cir. 2011) ...................................................................................................... 2

*Missouri v. Jenkins*,
  491 U.S. 274 (1989) .................................................................................................................. 9

*N.Y. Ass'n for Retarded Children, Inc. v. Carey*,
  711 F.2d 1136 (2d Cir. 1983) .................................................................................................... 9

*O'Brien v. Alexander*,
  101 F.3d 1479 (2d Cir. 1996) .................................................................................................... 6

*Overnite Transp. Co. v. Chicago Industrial Tire Co.*,
  697 F.2d 789 (7th Cir. 1983) ..................................................................................................... 3

*Perdue v. Kenny A. ex rel. Winn*,
  559 U.S. 542 (2010) .................................................................................................................. 2

*Plummer v. Lederle Labs.*,
  819 F.2d 349 (2d Cir. 1987) ...................................................................................................... 7

*Roadway Exp., Inc. v. Piper*,
  447 U.S. 752 (1980) .................................................................................................................. 3

*Rozell v. Ross-Holst*,
  576 F. Supp. 2d 527 (S.D.N.Y. 2008) ....................................................................................... 8

*Sankin v. Abeshouse*,
  545 F. Supp. 2d 324 (S.D.N.Y. 2008) ....................................................................................... 6

*Simmons v. New York City Transit Auth.*,
  575 F.3d 170 (2d Cir. 2009) ...................................................................................................... 8

*Tatum v. City of New York*,
  2010 WL 334975 (S.D.N.Y. Jan. 28, 2010) ......................................................................... 8, 9

*Tomka v. Seiler Corp.*,
  66 F.3d 1295 (2d Cir. 1995) ...................................................................................................... 4

*Truong v. New York Hotel and Motel Trades Council*,
  603 F. Supp. 2d 742 (S.D.N.Y. 2009) .................................................................................. 8

*Watkins v. Smith*,
  2015 WL 476867 (S.D.N.Y. Feb. 5, 2015) ........................................................................... 8

*Wrighten v. Glowski*,
  232 F.3d 119 (2d Cir. 2000) .................................................................................................. 4

**Statutes**

28 U.S.C. § 1927 ............................................................................................................. 1, 2, 7, 8

42 U.S.C. § 1988 ....................................................................................................................1, 2

CPLR § 8303-a .................................................................................................................1, 3, 7, 8

N.Y. Gen. Constr. Law. § 37-a (McKinney's 2014) ..................................................................... 3

**Other Authorities**

http://bestlawfirms.usnews.com/profile/epstein-becker-green-p-c/rankings/28047
  (last visited Feb. 23, 2015) ................................................................................................... 9

http://www.ebglaw.com (last visited Feb. 23, 2015) ................................................................... 9

Defendants Faruqi & Faruqi, LLP, Juan Monteverde, Nadeem Faruqi, and Lubna Faruqi (collectively, "Defendants") hereby move for an award of attorneys' fees for the portion of fees incurred in defending against two of Plaintiff's claims, both of which were frivolous: (i) Plaintiff's claims for violations of Title VII of the Civil Rights Act against Juan Monteverde, Nadeem Faruqi, and Lubna Faruqi, and (ii) Plaintiff's claim for malicious prosecution. Defendants make their motion pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1927, CPLR § 8303-a, and the equitable powers of the Court.

### FACTUAL BACKGROUND

On August 16, 2013, Plaintiff filed a Second Amended Complaint (the "SAC"), which alleged, in part, violations of Title VII of the Civil Rights Act by the individual Defendants Juan Monteverde, Nadeem Faruqi, and Lubna Faruqi, as well as a claim for malicious prosecution pursuant to New York State law. *See* Dkt. No. 17 (Counts III, IV, and VI).

On December 18, 2013, Defendants brought a motion for partial summary judgment on Plaintiff's Title VII claims against the individual defendants, and on Plaintiff's claim for malicious prosecution. *See* Dkt. No. 54. On January 15, 2014, Plaintiff filed her opposition, in which she withdrew her Title VII claim against the individual Defendants, and her malicious prosecution claim, acknowledging that there were no grounds for such claims. *See* Dkt. No. 56, at 28 ("Plaintiff agrees to withdraw so much of her Third and Fourth claims for Relief which purport to assert claims against the individual defendants under Title VII of the federal employment discrimination laws. Such claims are not permitted in the Second Circuit."); *id.* ("Plaintiff further withdraws her malicious prosecution claim under New York law. Plaintiff has not experienced any specifically identifiable 'special injury' necessary to substantiate a malicious prosecution claim under New York law.").

1

On January 28, 2014, the Court dismissed with prejudice Plaintiff's Title VII claims against the individual Defendants, and her malicious prosecution claim.  *See* Dkt. No. 60, at 2.

## LEGAL STANDARD

Pursuant to 42 U.S.C. § 1988, "a district court in its discretion may award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1978).  Even "[i]n a suit … involving both frivolous and non-frivolous claims, a defendant may recover the reasonable attorney's fees he expended solely because of the frivolous allegations." *Fox v. Vice*, 131 S. Ct. 2205, 2218 (2011).  In making such a determination, "the trial court must determine whether the fees requested would not have accrued but for the frivolous claim." *Id.* at 2216.  "'The district court retains discretion to determine … what constitutes a reasonable fee.'" *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 165 (2d Cir. 2011) (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 758 (2d Cir. 1998)).  "Both th[e] [Second Circuit] and the Supreme Court have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.'" *Millea*, 658 F.3d at 166 (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010)).

With respect to malicious prosecution, 28 U.S.C. § 1927 provides "[a]ny attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  "Courts have sanctioned attorneys under § 1927 for the filing and prosecution of a lawsuit that they have determined to be meritless." *In re Zyprexa Prods. Liab. Litig.*, 467 F. Supp. 2d 256, 271 (E.D.N.Y. 2006) (citing *Overnite Transp.*

*Co. v. Chicago Industrial Tire Co.*, 697 F.2d 789 (7th Cir. 1983)). Moreover, the Supreme Court has "acknowledged the 'inherent power' of courts to … 'assess attorneys' fees … when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 766 (1980) (quoting *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 257-58 (1975)) (internal quotations and citations omitted).

Similarly, New York law provides "[i]f in an action to recover damages for personal injury[1] … such action or claim is commenced or continued by a plaintiff … and is found, at any time during the proceedings or upon judgment, to be frivolous by the court, the court shall award to the successful party costs and reasonable attorney's fees not exceeding ten thousand dollars." CPLR § 8303-a(a) (McKinney's 2014). CPLR § 8303-a therefore "mandates an award in any tort action" that is ultimately found frivolous. *Entertainment Partners Group, Inc. v. Davis*, 198 A.D.2d 63, 64 (1st Dep't 1993). A claim is frivolous if "the action … was commenced or continued in bad faith without any reasonable basis in law or fact and could not be supported by a good faith argument for an extension, modification or reversal of existing law." CPLR 8303-a(c)(ii). Demonstrating that the plaintiff and her counsel "knew or should have known that the action lacked merit" is sufficient. *McGill v. Parker*, 179 A.D.2d 98, 99 (1st Dep't 1992).

---

[1] The term "personal injury" is broadly defined in § 37-a of McKinney's N.Y. General Construction Law to include "malicious prosecution." *See* N.Y. Gen. Constr. Law. § 37-a (McKinney's 2014). New York courts have therefore found that actions for malicious prosecution are covered by the statute. *See, e.g.*, *Corsini v. Morgan*, 123 A.D.3d 525, 526 (1st Dep't 2014) (imposing sanctions pursuant to CPLR 8303-a for a frivolous malicious prosecution claim).

3

**ARGUMENT**

I.  **THE COURT SHOULD AWARD DEFENDANTS THEIR REASONABLE ATTORNEYS' FEES INCURRED IN DEFENDING AGAINST PLAINTIFF'S FRIVOLOUS TITLE VII CLAIMS**

It is well-established in the Second Circuit that individuals are not subject to liability under Title VII.  *See, e.g*, *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995) ("[I]ndividual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII"); *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) ("[I]ndividuals are not subject to liability under Title VII."); *Milione v. City Univ. of New York*, 950 F. Supp. 2d 704, 709 (S.D.N.Y. 2013) ("Individuals are also not liable in either their individual or official capacities under Title VII.").  Nevertheless, Plaintiff brought Title VII claims against Juan Monteverde, Nadeem Faruqi, and Lubna Faruqi, and did not dismiss those claims until *after* Defendants drafted and filed their motion for partial summary judgment.  Only then did Plaintiff admit "[s]uch claims are not permitted in the Second Circuit."  Dkt. No. 56, at 28.

On similar facts, Judge Kaplan held "insofar as this action was brought against the individual defendants under Title VII, it was frivolous from the outset."  *Evans v. Port Auth. of New York and New Jersey*, 2003 WL 1842876, at *1 (S.D.N.Y. Apr. 1, 2003).  Accordingly, Judge Kaplan granted defendants' motion for attorneys' fees incurred for defending against those frivolous claims.  *See Evans v. Port Auth. of New York and New Jersey*, 2003 WL 1992390, at *5 (S.D.N.Y. Apr. 29, 2003) (granting fee application).  This Court should do the same.  Here, Defendants were forced to draft and file a motion for partial summary judgment in response to Plaintiff's frivolous Title VII claims against the individuals.

For purposes of this fee application, Defendants have made reasonable efforts to analyze the bills of Defendants' prior counsel, Epstein, Becker, and Green, P.C. ("EBG"), to isolate only the bills related to the preparation of Defendants' motion for partial summary judgment.  These

4

billing entries accumulate to a lodestar fee of $30,869.  *See* Bursor Decl. Ex. B.  These billing records, however, include several block-billed time entries that relate to Defendants' partial summary judgment motion, as well as other matters, such as the preparation of an *in limine* motion, and the correspondence on related matters.  To be conservative, we have reduced these fees by 50% to account for this block billing.

Defendants also recognize that they are not entitled to full recovery for their attorneys' fees for the preparation of their partial summary judgment motion, but only those fees attributable to the Title VII claims against the individual defendants, and the malicious prosecution claim.  Defendants' partial summary judgment motion included three points.  *See* Dkt. No. 54.  Point I concerned the Title VII claims against the individual Defendants, for which Defendants seek recovery of their attorneys' fees.  Point II concerned the defamation claim, on which Defendants prevailed at trial when the Court granted Defendants' motion for JMOL, *see* Dkt. No. 149, but for which Defendants do not seek fees.  Point III concerned the malicious prosecution claim, for which Defendants seek recovery of their attorneys' fees.  For purposes of this fee application, Defendants have allocated one-third of the billing for the summary judgment motion to each of these points.

With respect to the attorneys' fees sought for defending the Title VII claims against the individuals, Defendants seek $5,139.69, based on the following calculation:

| | |
|---|---|
| EBG Bills related to the preparation of partial SJ Motion | $30,689.00 |
| 50% Reduction due to block billing | $15,434.50 |
| 33.3% Allocated To Title VII Claims | $5,139.69. |

II. **THE COURT SHOULD AWARD DEFENDANTS THEIR REASONABLE ATTORNEYS' FEES INCURRED IN DEFENDING AGAINST PLAINTIFF'S FRIVOLOUS MALICIOUS PROSECUTION CLAIM**

New York law is clear that "the plaintiff in a malicious prosecution action plead 'special injury' which must entail 'some concrete harm that is considerably more cumbersome than the physical, psychological or financial demands of defending a lawsuit.'" *Sankin v. Abeshouse*, 545 F. Supp. 2d 324, 328 (S.D.N.Y. 2008) (quoting *Engel v. CBS, Inc.*, 93 N.Y.2d 195, 205 (1999)). In the SAC, Plaintiff alleged that her special injuries were "extreme emotional distress and disparagement to her professional reputation resulting from, among other things, the extensive media coverage of Defendants' Counterclaims and Amended Counterclaims." SAC ¶ 158. But a special injury does not occur unless the plaintiff demonstrates "some interference with plaintiff's person or property … by the use of such provisional remedies as arrest, attachment, replevin or injunction … or other burden imposed on plaintiff beyond the ordinary burden of defending a lawsuit." *O'Brien v. Alexander*, 101 F.3d 1479, 1484-85 (2d Cir. 1996) (citations omitted). Plaintiff's alleged injuries therefore clearly fell short of the standard for "special injury." *See, e.g.*, *McCaul v. Ardsley Union Free School District*, 514 F. App'x 1, 6 (2d Cir. 2013) ("Here, McCaul alleges that … she spent thousands of dollars to retain an attorney and suffered distress and anxiety. She does not, however, allege any special injury beyond the ordinary physical, psychological, or financial demands of defending herself in a civil … proceeding. Thus, the district court properly dismissed her malicious prosecution claim."); *Campion Funeral Home, Inc. v. State of New York*, 166 A.D.2d 32, 36-37 (3d Dep't 1991) ("[L]egal expenses in defending against the charges herein do not constitute special damages … [and] [i]njury to reputation … likewise fails to satisfy the injury to or interference with a person or property requirement."). Nevertheless, Plaintiff maintained her frivolous malicious prosecution claim until *after* Defendants drafted and filed their motion for summary judgment. Only then did Plaintiff admit

6

she "has not experienced any specifically identifiable 'special injury' necessary to substantiate a malicious prosecution claim under New York law." Dkt. No. 56, at 28.

Had Plaintiff's counsel researched New York malicious prosecution law before bringing the claim, they would have realized the claim was legally unsustainable.[2] As such, Plaintiff's malicious prosecution claim was "without any reasonable basis in law" and was therefore frivolous. CPLR 8303-a(c)(ii); *see also* 28 U.S.C. § 1927. Moreover, Plaintiff could not even make a reasonable argument for an extension, modification or reversal of existing law, because her malicious prosecution claim was pursuant to New York State law, and this Court is therefore bound by the New York Court of Appeals' decisions regarding it. *See e.g.*, *Plummer v. Lederle Labs.*, 819 F.2d 349, 355 (2d Cir. 1987) ("A federal court sitting in diversity must follow the law directed by the Supreme Court of the state whose law is found to be applicable."). Nevertheless, Defendants were forced to draft and file a motion for partial summary judgment in response to Plaintiff's frivolous malicious prosecution claim.

As explained above, Defendants have made reasonable efforts to analyze the bills of Defendants' prior counsel, EBG, to isolate only the bills related to the preparation of Defendants' motion for partial summary judgment. These billing entries accumulate to a lodestar fee of $30,869. *See* Bursor Decl. Ex. B. But for purposes of this fee application, Defendants have reduced these fees by 50% to account for block billing by EBG, and allocated only 33.3% of the billing to the malicious prosecution claim, which was one of three points argued in Defendants' motion for summary judgment. Thus, with respect to the attorneys' fees sought for defending the malicious prosecution claim, Defendants seek $5,139.69, based on the following calculation:

---

[2] This is especially true given the similarities between Plaintiff's claims and those in *McCaul* that the Second Circuit found insufficient. *McCaul* was decided on February 26, 2013, nearly six months before Plaintiff brought her malicious prosecution claim.

7

| | |
|---|---|
| EBG Bills related to the preparation of partial SJ Motion | $30,689.00 |
| 50% Reduction due to block billing | $15,434.50 |
| 33.3% Allocated To The Malicious Prosecution Claim | $5,139.69. |

Pursuant to 28 U.S.C. § 1927, CPLR § 8303-a, and the equitable powers of the Court, Defendants should be granted fees in that amount. *See, e.g.*, *Truong v. New York Hotel and Motel Trades Council*, 603 F. Supp. 2d 742, 744 (S.D.N.Y. 2009) (awarding attorneys' fees where the was "no basis for the[] claims, and no reasonable attorney could have thought otherwise under existing Second Circuit precedent"); *Ellison v. Sobeck-Lynch*, 2000 WL 1047798, at *5 (W.D.N.Y. July 26, 2000) (granting fee award for frivolous malicious prosecution claim pursuant to CPLR § 8303-a).

### III.  THE HOURLY RATES CHARGED BY DEFENDANTS' ATTORNEYS ARE REASONABLE

"In determining what constitutes a reasonable hourly rate, courts look first to the rates commonly charged by attorneys for similar work in the district in which the court sits." *Watkins v. Smith*, 2015 WL 476867, at *2 (S.D.N.Y. Feb. 5, 2015) (citing *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)). "The size of the firm may be considered, as large firms tend to charge higher hourly rates than small firms." *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 299 (E.D.N.Y. 2012).

"[P]recedent in the Southern District reveals that rates awarded to experienced civil rights attorneys over the past ten years have ranged from $250 to $600, and that rates for associates have ranged from $200 to $350, with average awards increasing over time." *Tatum v. City of New York*, 2010 WL 334975, at *5 (S.D.N.Y. Jan. 28, 2010); *see also Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 546 (S.D.N.Y. 2008) (approving rates of $600 for partners, $350 for senior

8

associates, and $250 for junior associates of Outten & Golden LLP). Here, Defendants' prior counsel, EBG, charged hourly rates ranging from $260 to $775 depending on the individual lawyer's relative experience.[3] These rates fall within the Southern District ranges, especially when accounting for firm size and reputation. EBG has over 250 attorneys[4] and is ranked as a Tier 1 law firm in Employment Law by U.S. News & World Report.[5] Additionally, five years have passed since *Tatum*, thereby warranting some inflation. *See, e.g.*, *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) ("[T]he rates used by the court to calculate the lodestar should be 'current rather than historic hourly rates.'") (quoting *Missouri v. Jenkins*, 491 U.S. 274, 284 (1989)); *Cowan v. Ernest Codelia, P.C.*, 2001 WL 30501, at *10 (S.D.N.Y. Jan. 12, 2001) (basing fee determination off of a ten year old opinion and adjusting for inflation accordingly). As such, Defendants seek reasonable hourly rates for the work done by EBG, and the Court should endorse those rates in full.

## IV. DEFENDANTS' ATTORNEYS SPENT A REASONABLE AMOUNT OF TIME IN PREPARING THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT

In the Second Circuit, fee award applications must be documented with "contemporaneous time records … [that] specify, for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983); *see also id.* at 1147 ("[C]ontemporaneous time records are a prerequisite for attorney's fees in this Circuit."). Defendants have included copies of time

---

[3] Defendants specifically seek hourly rates of $775 for named Partner Ron Green, $595 for experienced Partner Barry Asen, $425 for Senior Associate Victoria Sloan, $295 for Associate Darren Luft, $280 for Associate Jennifer Goldman, and $260 for Associate Scarlett Freeman.

[4] http://www.ebglaw.com (last visited Feb. 23, 2015).

[5] http://bestlawfirms.usnews.com/profile/epstein-becker-green-p-c/rankings/28047 (last visited Feb. 23, 2015).

records for their time spent drafting and filing their motion for partial summary judgment that conform to the Second Circuit's requirements.  *See* Bursor Decl. Exs. A-B.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' an award of attorneys' fees in the amount of $10,279.38, representing a portion of the fees paid to EBG for drafting and filing Defendants' motion for partial summary judgment to defend against Plaintiff's frivolous Title VII claims against the individual Defendants, and Plaintiff's frivolous malicious prosecution claim.

Dated: February 24, 2015                                        Respectfully submitted,


By:     */s/ Scott A. Bursor*
          Scott A. Bursor

**BURSOR & FISHER, P.A.**
Scott A. Bursor
Joseph I. Marchese
Neal J. Deckant
Yitzchak Kopel
888 Seventh Ave
New York, NY 10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
Email:  scott@bursor.com
            jmarchese@bursor.com
            ndeckant@bursor.com
            ykopel@bursor.com

*Attorneys for Defendants*