UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------ x

ALEXANDRA MARCHUK,                               :   13 CV 1669 (AKH)

                Plaintiff,               :

                                      :

      - against –                                   :

                                        :

FARUQI & FARUQI, LLP, JUAN E.                    :
MONTEVERDE, NADEEM FARUQI                        :
and LUBNA FARUQI,                                :

                                      :

               Defendants.               :

------------------------------------------ x

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS FEES

ROTTENBERG LIPMAN RICH, P.C.
369 Lexington Avenue, 16th Floor
New York, New York 10017
(212) 661-3080
Attorneys for Plaintiff

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................. ii-iii

INTRODUCTION ............................................................................................................ 1

ARGUMENT.................................................................................................................... 1

       28 U.S.C. § 1927 REQUIRES SPECIFIC
       EVIDENCE OF MALICIOUS OR BAD FAITH CONDUCT ................................... 1

DEFENDANTS CITE NO EVIDENCE THAT PLAINTIFFS
FILED THE CLAIMS MALICIOUSLY OR IN BAD FAITH ....................................................... 2

       PLAINTIFF'S TITLE VII CLAIM AGAINST
       THE INDIVIDUAL DEFENDANTS ........................................................................... 2

       PLAINTIFF'S CLAIM FOR MALICIOUS PROSECUTION ................................... 3

       DEFENDANTS NEVER SUGGESTED THAT PLAINTIFF
       ACTED IN BAD FAITH UNTIL 18 MONTHS AFTER
       PLAINTIFF FILED THE CLAIMS ............................................................................. 5

CONCLUSION ................................................................................................................. 6

<h1 style="text-align:center;text-decoration:underline">TABLE OF AUTHORITIES</h1>

**Cases**

Castro v. East End Plastic, Reconstructive and Hand Surgery, P.C.,
47 A.D.3d 608, 610, 850 N.Y.S.2d 483 (2d Dept. 2008) ................................................................. 4

Engel v. CBS, Inc.,
93 N.Y.2d 195, 689 N.Y.S.2d 411 (1999) ..................................................................................... 4, 5

New York State Ass'n for Retarded Children, Inc. v. Carey,
711 F.2d 1136 (2d Cir. 1983) ......................................................................................................... 3

Olivieri v. Thompson,
803 F.2d 1265 (2d Cir. 1986) ......................................................................................................... 2

Shah v. Wilco Systems, Inc.,
2002 WL 959557 (S.D.N.Y. 2002) ................................................................................................ 2

**Statutes**

28 U.S.C. § 1927 ................................................................................................................................. 1, 2

CPLR § 8303-a .................................................................................................................................... 2

Plaintiff submits this memorandum in opposition to Defendants' motion for $10,279.38 in attorneys' fees. Defendants claim they are entitled to an award of fees because Plaintiff allegedly asserted two frivolous claims in this case: (1) Plaintiff's claims against the individual defendants under Title VII of the Civil Rights Act of 1964 and (2) Plaintiff's claim for malicious prosecution under New York law.

Plaintiff did not pursue these claims maliciously or in bad faith, and Defendant therefore has no basis for a sanction in the form of a fee award. When Defendants first challenged these claims, in their motion for summary judgment filed on December 18, 2013 (Docket Entry No. 52), Plaintiff voluntarily withdrew both of them. See Plaintiff's Memo of Law dated January 15, 2014, footnote 1 (Docket Entry No. 56) ("Plaintiff does not contest Defendants' motion to the extent that it seeks dismissal of (1) Plaintiff's claims against the individual defendants under Title VII of the federal employment discrimination law and (2) Plaintiff's malicious prosecution claim under New York law"). Absent evidence of bad faith or vexatious conduct by Plaintiff or her counsel, the Court must deny Defendants' motion for fees.

## ARGUMENT

### 28 U.S.C. § 1927 Requires Specific Evidence of Malicious or Bad Faith Conduct

Defendants seek an award of fees as a sanction pursuant to 28 U.S.C. § 1927.

Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The touchstone for an award of fees pursuant to § 1927 is whether "an attorney undertook or continued a litigation in bad faith, or for some improper purpose such as harassment or delay." Shah v. Wilco Systems, Inc., 2002 WL 959557, *3 (S.D.N.Y. 2002). An award of fees under § 1927 requires specific evidence of bad faith or harassing conduct, so as not to deter good-faith representation of a client:

> To ensure, however, that fear of an award of attorneys' fees against them will not deter persons with colorable claims from pursuing those claims, we have declined to uphold awards under the bad-faith exception absent both clear evidence that the challenged actions are entirely without color and are taken for reasons of harassment or delay or for other improper purposes and a high degree of specificity in the factual findings of the lower courts.

Olivieri v. Thompson, 803 F.2d 1265, 1272-73 (2d Cir. 1986) (emphasis added), quoting Dow Chemical Pacific Ltd. v. Rascator Maritime S.A., 782 F.2d 329, 344 (2d Cir. 1986).[1]

**Defendants Cite No Evidence that**
**Plaintiff Filed the Claims Maliciously or in Bad Faith**

### Plaintiff's Title VII Claim Against the Individual Defendants

There is no evidence that Plaintiff filed either claim in bad faith. Plaintiff mistakenly asserted a claim under Title VII against the individual defendants because she simultaneously and properly was asserting identical claims under New York City and New York State law against the individual defendants. See Second Amended Complaint dated August 16, 2013 at Counts I, II and III (Docket No. 17). Inclusion of claims against the individual

---

[1] CPLR § 8303-a -- also cited by Defendants -- provides no basis for sanctions given Plaintiff's immediate withdrawal of the challenged claims. Section 8303-a(c)(ii) provides "If the action, claim, counterclaim, defense or cross claim was promptly discontinued when the party or the attorney learned or should have learned that the action, claim, counterclaim, defense or cross claim lacked such a reasonable basis, the Court may find that the attorney did not act in bad faith."

defendants under Title VII, therefore, was merely a pleading oversight resulting from the complex and overlapping city, state and federal employment discrimination scheme.

Defendants were not inconvenienced in the slightest by Plaintiff's error. Defendants wrote three sentences in support of their motion to dismiss Plaintiff's Title VII claims against the individual defendants. Def. Memo at 6 (lines 1-9) (Docket Entry No. 54). The de minimus attorney time required to prepare this short paragraph did not even merit a specific mention in Defendants' counsel's time entries. Defendants fail to cite any attorney time records that specifically refer to work relating to defending the Title VII claims against the individual defendants. See Bursor Dec. Ex. B.

Defendants improperly estimate that their prior counsel expended $5,139.69 in attorney time preparing the single paragraph relating to Plaintiff's Title VII claims against the individual defendants. See Def. Memo at 5. This would suggest an associate spent between 10 and 15 hours drafting these three sentences, an entirely unreasonable amount of time. Consequently, even if Defendants established that Plaintiff acted in bad faith in asserting Title VII claims against the individual defendants (which they have not done), Defendants fail to provide adequate back-up for the fees allegedly incurred in opposing this claim. See New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983) (an application for a fee award should include attorney time sheets that "specify, for each attorney, the date, the hours expended, and the nature of the work done").

### Plaintiff's Claim for Malicious Prosecution

Plaintiff also properly asserted her claim for malicious prosecution. See Second Amended Complaint at Count VI (Docket No. 17). When Plaintiff filed her Second Amended Complaint, on August 16, 2013, Defendants clearly were maliciously pursuing their $15 million

3

counterclaims against her. With no evidence supporting their claim of $15 million of lost business, with no evidence that Plaintiff supplied her publicly available Complaint to the media or anyone else, having received Google's disclosure that someone employed by Defendants (not Plaintiff!) had emailed the Complaint to Mr. Monteverde's wife, and in disregard of Plaintiff's Rule 11 letter demanding that they withdraw the Counterclaims, Defendants continued baselessly to pursue their $15 million for supposedly improperly distributing her Complaint. See, e.g., Defendants' Second Amended Counterclaims dated August 20, 2013 (Docket No. 18).

The elements of a claim for malicious prosecution of a civil action under New York law are (1) prosecution of a civil action; (2) by defendant; (3) without probable cause; (4) with malice; (5) which terminated in favor of plaintiff; and (6) caused plaintiff special injury. See Castro v. East End Plastic, Reconstructive and Hand Surgery, P.C., 47 A.D.3d 608, 610, 850 N.Y.S.2d 483, 485 (2d Dept. 2008). After Defendants' Counterclaims were dismissed on September 30, 2013 (see Docket No. 34), Plaintiff clearly had evidence supporting five of the six elements required to establish a claim for malicious prosecution of a civil action under New York law, lacking only compelling evidence of a "special injury."

New York's law regarding the type of "special injury" required to establish a malicious prosecution claim, however, is not well developed. In Engel v. CBS, Inc., 93 N.Y.2d 195, 689 N.Y.S.2d 411 (1999), the Court of Appeals rejected claims that New York law had discarded the requirement of proving special injury as an element of a wrongful prosecution claim, and attempted to define the type of special injury sufficient to sustain a claim. "Dispelling rumors of the special injury requirement's demise, however, does not resolve the question of what can amount to such an added grievance." Id. at 204, 689 N.Y.S.2d at 417. The Court defined "special injury" somewhat amorphously as some "highly substantial and identifiable

4

interference with person, property, or business . . . what is 'special' about special injury is that the defendant must abide some concrete harm that is considerably more cumbersome than the physical, psychological or financial demands of defending a lawsuit." Id. at 205, 689 N.Y.S.2d at 417.

Plaintiff therefore could have argued in good faith that the negative publicity caused by Defendants' Counterclaims and Press Release -- and the damage that such publicity caused to her employability as an attorney -- constituted "special injury" under either existing New York law governing malicious prosecution claims, or a reasonable extension of that law. In any event, Plaintiff reasonably decided that the facts and the law weighed against her malicious prosecution claim and therefore did not contest Defendants' motion for summary judgment dismissing that claim. Consequently, the record shows that Plaintiff prosecuted her malicious prosecution claim in good faith, and there is no basis for Defendants' motion for an award of fees relating to their defense against that claim.

**Defendants Never Suggested that Plaintiff Acted in**
**Bad Faith Until 18 Months After Plaintiff Filed the Claims**

Defendants' claim that Plaintiff acted in bad faith is undermined by Defendants' extraordinary delay in raising the issue. If Plaintiff's claims were frivolous and harassing, Defendants could have immediately filed a motion to dismiss them on the pleadings (rather than waiting to dismiss them at summary judgment), or Defendants' could have served a Rule 11 letter or otherwise demanded that Plaintiff withdraw the claims. In fact, Defendants did not even argue in their motion for summary judgment that Plaintiff had acted inappropriately in asserting the claims, but only argued that the claims lacked merit. Even after Plaintiff consented to dismissal of the claims and the Court dismissed the claims on January 28, 2014, Defendant never claimed that Plaintiff had acted wrongfully in asserting the claims until Defendants' new counsel

first raised the issue on the instant motion. If Plaintiff had prosecuted the claims in a vexatious and bad faith manner, surely Defendants should not have waited until <u>18 months</u> after Plaintiff filed the claims first to mention Plaintiff's supposedly oppressive conduct.

## **CONCLUSION**

There is no merit to Defendants' motion. The only bad faith, frivolous and harassing conduct implicated by Defendants' present motion relates to Defendants' own conduct in filing it. The Court therefore should deny Defendants' motion for attorneys' fees in its entirety.

Dated: New York, New York
       March 13, 2015

ROTTENBERG LIPMAN RICH, P.C.

By:_____
       Harry W. Lipman
       Thomas E. Chase
       Jonathan S. Hershberg
369 Lexington Avenue, Sixteenth Floor
New York, New York 10017
*Attorneys for Plaintiff, Alexandra Marchuk*

6