UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x
                         :

ALEXANDRA MARCHUK,                :

                    Plaintiff,    :

      -against-                 :

FARUQI & FARUQI, LLP et al.,     :

                  Defendants.   :

-------------------------------------------------------------- x

**ORDER AND OPINION
GRANTING PLAINTIFF'S
MOTION FOR COSTS AND
FEES IN PART AND
DENYING DEFENDANTS'
MOTION FOR FEES**

13 Civ. 1669 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

          Plaintiff Alexandra Marchuk brought this action against Defendants Juan

Monteverde, Lubna Faruqi, Nadeem Faruqi, and Faruqi & Faruqi LLP, alleging a hostile work

environment and retaliation in violation of Title VII, the New York State Human Rights Law

("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), as well as common

law defamation and malicious prosecution. Plaintiff withdrew the malicious prosecution claim on

January 14, 2014. On January 28, 2015, this Court granted Judgment as a Matter of Law in favor

of all Defendants on Plaintiff's retaliation and defamation claims and in favor of Defendants

Lubna Faruqi and Nadeem Faruqi on Plaintiff's hostile work environment claims.

          Following a four-week trial, a jury found the Defendants liable for creating a

hostile work environment under the NYCHRL, but not liable under the NYSHRL or Title VII.

The jury awarded Plaintiff $90,000 in compensatory damages and $50,000 in punitive damages,

far less than the $2,000,000 she had sought at trial. After judgment was entered, Plaintiff filed a

motion to recover costs in the amount of $51,011.58 and attorneys' fees in the amount of

$1,379,795.58. Defendant also filed a motion for fees in the amount of $10,279.38.

For the following reasons, Plaintiff's motion is granted in part and denied in part.
Defendants' motion is denied.

## LEGAL STANDARD

The NYCHRL provides that a court, "in its discretion, may award the prevailing
party costs and reasonable attorney's fees." N.Y.C. Admin. Code § 8-502(f). Ordinarily, the
starting point for calculating a fee award is the lodestar method, which multiplies the number of
hours the prevailing party's attorney expended on the case by the reasonable hourly rate charged
for similar work by attorneys of like skill in the jurisdiction. *See Perdue v. Kenny A.*, 559 U.S.
542 (2010). However, "the evaluation of reasonable attorneys' fees and the cutting of fees . . . lie
within the sound discretion of the court," *Shannon v. Fireman's Fund Ins. Co.*, 156 F. Supp. 2d
279, 298 (S.D.N.Y. 2001), and the lodestar may be adjusted "in light of more subjective factors,
such as the risk of the litigation, the complexity of the issues, and the skill of the attorneys." *N.Y.
State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1140 (2d Cir. 1983). In
addition, the "presumptively reasonable fee may be reduced to account for a plaintiff's limited
success." *Castillo v. Time Warner Cable*, 2013 WL 1759558 (S.D.N.Y. Apr. 24, 2013); *see also
Barfield v. N.Y. City Health and Hosp. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) ("[T]he most
critical factor in a district court's determination of what constitutes reasonable attorney's fees in
a given case is the degree of success obtained by the plaintiff.") (internal quotations omitted);
*Farrar v. Hobby*, 506 U.S. 103, 114-15 (1992) ("Where recovery of private damages is the
purpose of . . . civil rights litigation, a district court, in fixing fees, is obligated to give primary
consideration to the amount of damages awarded as compared to the amount sought. . . . Such a
comparison promotes the court's central responsibility to make the assessment of what is a
reasonable fee under the circumstances of the case.") (internal quotations omitted).

2

In exercising its discretion, "the district court is not obligated to undertake a line-by-line review of [the prevailing party's] extensive fee application." *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 150 (2d Cir. 2014). Rather, it may "use a percentage deduction as a practical means of trimming fat." *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006); *see also Days Inn Worldwide, Inc. v. Amar Hotels, Inc.*, No 05-cv-10100, 2008 WL 2485407, at *10 (S.D.N.Y. June 18, 2008) (reducing award by 75% because the bill was "grossly excessive relative to the nature of the work performed").

## PLAINTIFF'S MOTION

Plaintiff in this case is a "prevailing party" as defined in the NYCHRL. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (defining a prevailing party as a plaintiff who "succeed[s] on any significant issue in litigation which achieves some of the benefit [she] sought in bringing suit."). Although Plaintiff lost on the vast majority of her claims and recovered just a fraction of the damages she sought, her limited success does not affect her status as a "prevailing party." *See Farrar*, 506 U.S. at 114 ("Although the 'technical' nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded [under the statute]."). Nevertheless, the $1,430,807.16 in costs and fees claimed by Plaintiff's counsel, Rottenberg Lipman Rich LLP ("RLR"), are patently unreasonable, reflecting time expenditures far greater than necessary to prosecute this case generally and the claims on which Plaintiff prevailed in particular. Indeed, on most issues, Defendants, not Plaintiff, prevailed. RLR fails to account for this in its motion, as well as other mitigating factors such as Plaintiff's rejection of Defendant's Rule 68 Offer of Judgment. The claim must be reduced to reflect these matters.

3

## I.     Rule 68 Offer of Judgment

Fed. R. Civ. P. 68 provides, in relevant part, that:

> [A] party defending against a claim may serve on an opposing
> party an offer to allow judgment on specified terms, with the costs
> then accrued. . . . If the judgment that the offeree finally obtains is
> not more favorable than the unaccepted offer, the offeree must pay
> the costs incurred after the offer was made.

The rule is "a cost-shifting [mechanism] designed to encourage settlements without the burdens

of additional litigation." *Stanczyk v. City of New York*, 752 F.3d 273, 280 (2d Cir. 2014). Thus,

> a prevailing plaintiff may not recover from the defendant
> attorney's fees and costs accrued after an Offer of Judgment is
> served if the Offer exceeds the sum of the plaintiff's ultimate
> recovery plus the amount of fees and costs accrued by the plaintiff
> as of the time of the Offer.

*Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 58 (2d Cir. 2012) (citing *Marek v. Chesny*, 473

U.S. 1, 11-12 (1985)).

In this case, Defendant served Plaintiff with a Rule 68 Offer of Judgment on

December 11, 2014 in the amount of $425,001, plus costs and reasonable attorney's fees to be

determined by the Court. *See* Bursor Decl. Ex. A. Plaintiff rejected this offer and the jury

awarded her a total of $140,000. Because Plaintiff's ultimate recovery was less favorable than

the Rule 68 Offer, she is not entitled to collect costs or fees accrued after December 11, 2014.

Plaintiff's records indicate post-offer costs of $22,425.19 and post-offer attorney's fees of

$520,177.50. Thus, RLR's fees should be reduced at least by these amounts, to $859,618.08 in

fees and $28,586.39 in costs.

RLR asks the Court to find that a Rule 68 Offer operates only to cut off costs

rather than attorney's fees, but this argument is unavailing. Costs and fees are treated the same

under Rule 68 where the underlying statute defines 'costs' to include attorney's fees. *See Wilson*

4

*v. Nomura Securities, Inc.*, 361 F.3d 86, 89 (2d Cir. 2004). Here, the NYCHRL's attorney's fee

provision is similar to that of the federal civil rights statutes, *Albunio v. City of New York,* 23

N.Y.3d 65, 73 (2014), which treat costs and fees the same for purposes of Rule 68. *See generally*

*Chesny* 473 U.S. at 9; *Short v. Manhattan Apartments, Inc.*, 2013 WL 2477266, at *5-6

(S.D.N.Y. June 10, 2013) (Rule 68 "cuts off plaintiff's right to recover attorney's fees and costs

incurred after the date of the offer."). Holding any differently would effectively gut Rule 68,

since any Title VII plaintiff could prevent the Rule's operation by including a lesser-included

NYCHRL claim for the same conduct in the complaint.[1]

## II.   Plaintiff's Complaint

As I explained in my January 28, 2015 Order granting Judgment as a Matter of

Law, Plaintiff's complaint

> was as replete with incendiary language and vituperative attacks as
> any complaint I have seen. Had Defendants moved to strike the
> complaint earlier, I would have certainly done so. Plaintiff is
> represented by experienced counsel who know well what a
> pleading should contain, and the decision to file this unprofessional
> document thus reflects an intent to extend the litigation from the
> courts to the press.

Doc. No. 149, at 8-9. Plaintiff's subsequent amended complaints suffer the same flaws and did

not advance Ms. Marchuk's interests in this litigation. The firm is entitled to only limited

compensation for creating them.

According to Defendants, RLR's fees associated with complaint-drafting totals

$87,582. RLR does not dispute this amount. Instead, it argues that the complaint was not

---

[1] A defendant who violates Title VII necessarily violates the NYCHRL as well. *See Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009) ("There is now a one-way ratchet: 'Interpretations of New York state or federal statutes with similar wording may be used to aid in interpretation of New York City Human Rights Law, viewing similarly worded provisions of federal and state civil rights laws as a *floor* below which the City's Human Rights law cannot fall.'") (citing Local Civil Rights Restoration Act of 2005, N.Y.C. Local Law No. 85 (2005), § 1).

unprofessional and that Defendants' pleadings also contained unnecessary and salacious details. But I have already rejected the first argument on multiple occasions, and the propriety of Defendants' fees is not before me. RLR's fees for drafting the complaint should be reduced by $50,000, leaving $37,582 in fees before adjusting for failed claims and unreasonable billing. This yields a total of $809,618.08.

### III.    Plaintiff's Failed Claims

"When a plaintiff has . . . prevailed on fewer than all of [her] claims, the most important question in determining a reasonable fee is whether the failed claim was intertwined with the claims on which [she] succeeded." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 762 (2d Cir. 1998). During this litigation, Plaintiff prosecuted the following claims against all four Defendants: Title VII hostile work environment, NYSHRL hostile work environment, NYCHRL hostile work environment, Title VII retaliation, NYSHRL retaliation, NYCHRL retaliation, common law defamation, and common law malicious prosecution. Ultimately, Plaintiff succeeded on just one of these claims – hostile work environment under the NYCHRL – and against just two of the Defendants – Juan Monteverde and Faruqi & Faruqi LLP.

Of the failed claims, the retaliation, defamation, and malicious prosecution claims clearly "involved a core of facts and legal theories that are completely separate from those related to the successful claims." *Robinson v. Instructional Sys., Inc.*, 80 F. Supp. 2d 203, 210 (S.D.N.Y. 2000). Work in support of these claims "cannot be deemed to have been expended in pursuit of the ultimate result achieved," and counsel is therefore not entitled to fees. *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (internal quotations omitted). Meanwhile, the successful NYCHRL hostile work environment claim involved many of the same operative facts as the failed Title VII and NYSHRL hostile work environment claims, but the legal theories differed

6

significantly. The inclusion of the same claims under the narrower NYSHRL and Title VII standards duplicated work for the parties and this Court and was unnecessary from the beginning, given that the rights and remedies under the NYCHRL are co-extensive with or greater than those available under state and federal law. RLR's billing records do not specify how much of its work relates to the failed claims, but I conservatively estimate it to be 60% based on the amount of briefing on the issues. Reducing the remaining fee by 60% yields a fee of $323,847.23, before accounting for unreasonable time spent.

Although a district court "is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought," *Farrar v. Hobby*, 506 U.S. 103, 114-15 (1992), Plaintiff's failure on the majority of her claims contributed to her low damages award. Therefore, I do not see the need to separately reduce the fee award to account for Plaintiff's limited financial success.

## IV.    Other Unreasonable Billing

A reasonable hourly rate is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). By that standard, the hourly rates charged by RLR - $500 for partner Harry Lipman, $450 for partner Thomas Chase, $300 for associate Jonathan Hershberg, and $180 for legal assistants – are reasonable. However, the number of hours billed was unreasonably high. Obvious examples noted in Defendants' brief include $87,582 for drafting complaints,[2] $94,979 for "digesting" deposition transcripts, $45,196 for intra-firm conferences, and $39,176.50 for staffing a second partner on depositions. As the Supreme Court explained,

---

[2] Although this number has already been reduced for other reasons explained in Part II, *supra*.

> Counsel for the prevailing party should make a good faith effort to
> exclude from a fee request hours that are excessive, redundant, or
> otherwise unnecessary, just as a lawyer in private practice ethically
> is obligated to exclude such hours from his fee submission. In the
> private sector, billing judgment is an important component in fee
> setting. It is no less important here. Hours that are not properly
> billed to one's *client* also are not properly billed to one's *adversary*
> pursuant to statutory authority.

*Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (internal quotations omitted). RLR plainly

lacked such billing judgment here. The firm also compounded the problem by block billing a

significant portion of its time,[3] making it difficult for the Court to isolate areas of excess.

Reducing RLR's remaining fees by 40%, to $194,308.34 plus $28,586.39 in costs, corrects these

issues and renders a reasonable fee "sufficient to induce a capable attorney to undertake the

representation" of a plaintiff like Ms. Marchuk in a NYCHRL hostile work environment case.

*Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010).

      Plaintiff's counsel argues against any reductions at all, repeatedly asserting that

the firm took a risk by representing Ms. Marchuk on "contingency." But a contingent fee, by

nature, carries risk. *See City of Burlington v. Dague*, 505 U.S. 557, 560-61 (1992) ("A fee is

certain if it is payable without regard to the outcome of the suit; it is contingent if the obligation

to pay depends on a particular result's being obtained."). Counsel who aggressively prosecutes a

case through trial, leaving favorable settlement offers on the table in pursuit of a huge verdict,

faces the risk that much of his work will have been wasted should the verdict come in much

lower than he expected. The Court should not shield him from that risk by compensating him for

every hour regardless of its marginal benefit to the client. *See Blum v. Stenson,* 465 U.S. 886,

897 (1984) (explaining that reasonable fees should not "produce windfalls to attorneys")

---

[3] Block billing is the aggregation of multiple tasks into a single billing entry. *See Wise v. Kelly*, 620 F. Supp. 2d 435, 450 (S.D.N.Y. 2008).

(internal quotations omitted). Fee shifting in civil rights law is intended "to secure legal representation for plaintiffs whose constitutional injury [is] too small, in terms of expected monetary recovery, to create an incentive for attorneys to take the case under conventional fee arrangements." *Kassim v. City of Schenectady*, 415 F.3d 246, 251 (2d Cir. 2005). It is not a license to expend limitless resources on litigation simply because the defendant foots the bill. Such an approach would create perverse incentives to drive up the cost of litigation,[4] which would end up hurting plaintiffs by making settlement more difficult.

## DEFENDANT'S MOTION

Defendants seek $5,139.69 in fees related to their successful defense of Plaintiff's Title VII claims. 42 U.S.C. § 1988 provides that "a district court in its discretion may award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1978). Defendant argues that Plaintiff included the individual defendants, Juan Monteverde, Nadeem Faruqi, and Lubna Faruqi in her Title VII claims, even though Title VII does not apply to individuals. However, I have no reason to doubt RLR's assertion that this was merely a pleading oversight, and I do not believe its inclusion required a significant expenditure of resources by Defendants. I therefore find that Defendant is not entitled to recover a fee under § 1988.

Defendants also seek, pursuant to 28 U.S.C. § 1927, $5,139.69 for fees related to their successful defense of Plaintiff's malicious prosecution claim. The statute provides that an attorney who "unreasonably and vexatiously" multiplies the proceedings "may be required . . . to

---

[4] Courts have cautioned against allowing fee awards to "create skewed incentives for attorneys to waste resources by adding weak claims, with little chance of success, to otherwise strong cases." *Abel v. Town Sports Intern., LLC*, 2012 WL 6720919, at *34 (Dec. 18, 2012).

9

satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927, Defendants argue that Plaintiff's malicious prosecution claim was frivolous because Ms. Marchuk was clearly unable to demonstrate 'special injury' as required by law. Although Plaintiff's claim ultimately failed, I decline to find that the claim was frivolous and Defendant has not presented evidence that the claim was brought in bad faith. Accordingly, § 1927 sanctions are inappropriate.

## CONCLUSION

Plaintiff's motion for fees and costs is granted in part. Plaintiff is entitled to recover $194,308.34 in attorney's fees plus $28,586.39 in costs. Defendants' motion is denied. The Clerk shall mark the motions (Doc. Nos. 174, 179) terminated.

SO ORDERED.

Dated:     New York, New York
           April 20, 2015

ALVIN K. HELLERSTEIN
United States District Judge